Sidney A. Fine, J.
It is clear from the Appellate Division’s opinion (13 A D 2d 55) in connection with the remand to the Administrator that the court was aware of the fact that each of the three buildings controlled by Licka, Inc., had been purchased by different individuals. The court must therefore have realized that the price to be allocated to each property would be influenced by the self-interest of each purchaser to obtain his property at the lowest possible cost. This circumstance did not, however, satisfy the court (p. 59) that “ the several cash prices * * * were market-fixed prices.” The court also found that ‘ ‘ the ultimate purchasers of the separate parcels were not dealing with one another at arm’s length in the market, *719 by reason of their very close blood, marriage, and office relationships ” (italics supplied; p. 61). It stressed the fact that the question was “ whether the single-parcel prices have been objectively fixed with reference to the competitive market, as the statute requires, or whether they are simply the product of intimates working together, even if sincerely ” (italics supplied; p. 61). The court authorized the owners to apply for a reopening of the proceeding if they could “ assume the heavy burden of showing by evidence * * * that the several prices of the rent-controlled properties were somehow objectively fixed with reference to the market, at arm’s length, without being affected by the package deal ” (p. 63).
The additional evidence submitted by the owners, in this court’s opinion, falls short of meeting the “heavy burden ” referred to by the Appellate Division. The only additional evidence submitted as to the manner in which the price of the property here involved was fixed is that it was the result of bargaining between Adler, whose group purchased it, and Berko witz, whose group purchased another of the three buildings. The evidence does not show, however, that the prices were fixed ‘ ‘ with reference to the competitive market5 ’ as required to meet one of the tests imposed by the Appellate Division. In arriving at the prices of the Queens and Brooklyn properties, the prices of such properties on the competitive market are not shown to have been considered. Adler and Berkowitz determined the prices solely by use of other criteria. Furthermore, nothing has been shown to overcome the statement of the Appellate Division that 1 ‘ the ultimate purchasers of the separate parcels were not dealing with one another at arm’s length in the market, by reason of their very close blood, marriage, and office relationships.” Moreover, the evidence submitted does not negative the possibility that were it not for the need of paying for the three parcels an amount sufficient to enable the seller to obtain the $810,000 needed by it to acquire the Heller-Gottlieb building, the prices fixed and paid for the three parcels might have been lower. Presumably, each of the allocated prices was affected by the fact that it was part of a package deal.
The Administrator’s finding in favor of the owner is predicated largely upon the fact that Adler’s self-interest would dictate his paying as little as possible for the building purchased by his group. As previously pointed out, however, the Appellate Division, which knew that the different buildings were purchased by different interests, must have realized that this would be so.
*720 Since the new evidence fails to show that the price of the property here involved was fixed (1) with reference to the competitive market, or (2) at arm’s length or (3) without being affected by the package deal, this motion to set aside the Administrator ’s order is granted and the proceeding remitted for the purpose of redetermining the fair rent in the manner directed by the Appellate Division.